## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LARRY DARRYL STEED,

                Petitioner,                      Case Number: 06-CV-13932

v.                                               HON. LAWRENCE P. ZATKOFF

MILLICENT WARREN,

                Respondent.

_____/

### OPINION AND ORDER GRANTING PETITIONER'S REQUEST TO STAY
### HABEAS CORPUS PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

        Petitioner Larry Darryl Steed, through his attorney, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, challenges his drug-related convictions. At the same time he filed his habeas petition, Petitioner requested that the Court hold his petition in abeyance pending exhaustion of administrative remedies. The Court shall grant Petitioner's request, stay the present petition provided that Petitioner promptly files a claim for collateral review in state court, and administratively close the matter.

        Following a jury trial in Eaton County Circuit Court, Petitioner was convicted of conspiracy to possess with intent to deliver over 650 grams of cocaine and conspiracy to deliver less than 50 grams of cocaine. He was sentenced to life imprisonment for the conspiracy to possess over 650 grams of cocaine conviction and 160 months to 20 years imprisonment for the conspiracy to deliver less than 50 grams of cocaine.

        Petitioner raises a single claim for habeas relief, that his Sixth Amendment right to retained counsel of choice was violated. Petitioner bases his claim on the Supreme Court's recent decision

in United States v. Gonzalez-Lopez, 548 U.S. ___, 126 S. Ct. 2557 (2006).  State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  Petitioner admits that he has not yet presented this claim in state court, but filed this habeas corpus petition so as not to jeopardize the timeliness of a habeas petition should the state court deny his claim of a constitutional violation.  Petitioner asks the Court to stay this petition while he exhausts his state court remedies.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408, 416 2005), *citing* Rhines v. Weber, 544 U.S. 269 (2005).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."  Rhines, 544 U.S. at 278.  The Supreme Court's Gonzalez-Lopez opinion was issued on June 26, 2006.  Thus, the Court finds that Petitioner has shown good cause for failing to present this issue on direct appeal.  The Court is further satisfied that the unexhausted claim is not plainly meritless and that Petitioner has not engaged in intentionally dilatory tactics.  *See* Rhines, 544 U.S. at 277-78.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court

within sixty days from the date of this Order.  *See* <u>id.</u>  Further, he must ask this Court to lift the stay

within sixty days of exhausting his state court remedies.  *See* <u>id.</u>; <u>Abela v. Martin</u>, 348 F.3d 164, 170

(6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for

state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme

Court review of the state's final judgment on that application").  "If the conditions of the stay are

not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the

petition may be dismissed."  <u>Palmer</u>, 276 F.3d at 781 (internal quotation omitted).

Accordingly, it is **ORDERED** that Petitioner's request to hold habeas petition in abeyance

is **GRANTED**.  If Petitioner fails to file a motion for relief from judgment with the state trial court

within **sixty days** from the date of this order, the Court will dismiss the petition for writ of habeas

corpus without prejudice.  Petitioner shall file a motion to lift the stay and an amended petition in

this Court within **sixty days** after the conclusion of the state court proceedings.  If Petitioner files

an amended petition, Respondent shall file an answer addressing the allegations in the petition in

accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District

Courts within **twenty-one days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close

this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be

considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion

of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  October 10, 2006

3

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 10, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290