UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DARRYL STEED,

                    Petitioner,                          Case Number: 2:06-CV-13932

v.                                                HON. LAWRENCE P. ZATKOFF

MILLICENT WARREN,

                    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Larry Darryl Steed, through counsel, has filed a *pro se* petition for a writ of habeas corpus pursuant 28 U.S.C. § 2254. Petitioner, who is incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, challenges his convictions for drug-related offenses. For the reasons set forth below, the Court denies the petition.

### I.

Following a jury trial in Eaton County Circuit Court, Petitioner was convicted of conspiracy to deliver or possess with intent to deliver 650 grams or more of cocaine and conspiracy to deliver or possess with intent to deliver less than 50 grams of cocaine. He was sentenced to life imprisonment for the conspiracy to possess over 650 grams of cocaine conviction and 160 months to 20 years' imprisonment for the conspiracy to deliver less than 50 grams of cocaine conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals challenging his convictions and sentences on the following grounds: (i) invalid search warrant; (ii) entrapment; (iii) improper denial of defense request for adjournment; (iv) directed verdict motion should have been granted; (v) lack of venue; (vi) co-conspirator testimony improperly admitted; (vii)

prosecutorial misconduct; (viii) improper jury instructions; and (ix) improper sentence.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Steed*, No. 98483 (Mich. Ct. App. July 26, 1988).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The application was denied.  *People v. Steed*, No. 84129 (Mich. Mar. 7, 1990).

In 2006, Petitioner filed a habeas petition, raising a single claim for habeas relief, that his Sixth Amendment right to retained counsel of choice was violated.  At the same time he filed his habeas petition, Petitioner requested that the Court hold his petition in abeyance pending exhaustion of administrative remedies.  The Court granted Petitioner's request, stayed the petition, and administratively closed the matter.

Petitioner filed a motion for relief from judgment in the trial court, raising the following claims: (i) evidence was insufficient to support a conspiracy conviction; (ii) jury instruction error; (iii) waiver of right to counsel was inadequate; (iv) denied right to counsel of choice; (v) sentence is cruel and unusual punishment; and (vi) ineffective assistance of trial and appellate counsel.  The trial court denied the motion.  *People v. Steed*, No. 85-58-FC (Eaton County Circuit Court Apr. 6, 2008).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

    I.      Where (1) the evidence showed that there was no agreement between defendant Steed and his coconspirators to deliver a specific amount of cocaine to the informant and (2) only that a dollar amount was available to purchase cocaine and that amount of cocaine to be purchased for that dollar amount was not known until moments before the transaction, the guilty verdict on the conspiracy to deliver more than 650 grams of cocaine charge is contrary to the Supreme Court's decision in *People v. Mass*, and therefore is insufficient to sustain the conspiracy verdict.

II.     Where the record showed that (A) defendant's intent was altered by the police, the trial court erred by not instructing the jury that altered intent was a defense to the conspiracy to deliver over 650 grams of cocaine charge and (B) counsel was ineffective by not requesting such an instruction.

III.    Defendant's convictions must be reversed because the waiver of his right to counsel was constitutionally inadequate where he did not make an unequivocal request to represent himself, but, was forced to proceed *pro se* with appointed counsel providing standby representation.

IV.     The trial court denied defendant Steed his right to counsel of choice by the court's arbitrary refusal to permit him to be represented by his counsel of choice.

V.      Defendant Steed's mandatory sentence of life in prison for possession with intent to deliver over 650 grams of cocaine is in violation of the Eighth Amendment under an evolving standards analysis and is grossly disproportionate to the offense.

VI.     Defendant Steed was denied the effective assistance of trial and appellate counsel which serves as both "cause" for any procedural default and as an independent ground justifying relief from judgment.

The Michigan Court of Appeals denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Steed*, No. 276005 (Mich. Ct. App. June 18, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Steed*, No. 134648 (Mich. Mar. 24, 2008).

Petitioner then filed a motion to lift the stay in this Court. The Court granted the motion and reopened the case.

Petitioner presents a single claim in his petition: Petitioner was denied his Sixth Amendment right to have retained counsel of choice defend against the charges.

**II.**

3

Section 2254(d) of Title 28 U.S.C. imposes the following standard of review for habeas

cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual

determinations.  *Id.* § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).  An "unreasonable

application occurs" when "a state-court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case."  *Id.* at 409.  A federal court may not "issue the writ [of

habeas corpus] simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly.  Rather,

that application must also be unreasonable."  *Id.* at 410–11.

Where a claim is fairly presented in state court, but the state court, although denying the

claim, fails to address it, a federal court on habeas review must conduct an independent review

of the state court's decision.  *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000).  This independent

4

review requires the federal court to "review the record and applicable law to determine whether

the state court decision is contrary to federal law, unreasonably applies clearly established law,

or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.*

at 943.  The independent review, however, "is not a full, *de novo* review of the claims, but

remains deferential because the court cannot grant relief unless the state court's result is not in

keeping with the strictures of the AEDPA." *Id.*

### III.

Petitioner argues that he was denied his right to have retained counsel of choice represent

him at trial.  On the day trial was scheduled to commence, Petitioner's court-appointed attorney,

Thomas S. Eveland, moved to allow Petitioner's recently retained attorney, David Lee Taylor, to

substitute for him as trial counsel.  Eveland indicated that Petitioner had retained counsel on the

Friday preceding the Monday on which the trial was scheduled to begin.  He further indicated

that retained-counsel Taylor was not prepared to proceed and would require an adjournment.

The prosecutor opposed the motion, arguing that the case was over two-years old and had been

adjourned fourteen times, all at the request of the defense.  The trial court noted that Eveland

was appointed to represent Petitioner approximately one year before trial commenced, giving

Petitioner ample time to retain counsel of choice, and that a continuance would not be granted

given that the trial date had been set for some time.  The trial court denied the motion.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall

enjoy the right ... to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.

"[A]n element of this right is the right of a defendant who does not require appointed counsel to

choose who will represent him." *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006).  The Sixth

Amendment right to counsel of choice commands "not that a trial be fair, but that a particular guarantee of fairness be provided—to wit, that the accused be defended by the counsel he believes to be best." *Id.* at 146. The right to counsel of choice, however, is not without limitation. The Supreme Court allows a trial court "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar." *Id.* at 152 (citing *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983)). "The important right to counsel of choice is not absolute; it must be balanced against the court's authority to control its own docket, and a court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court." *U.S. v. Krzyske*, 836 F.2d 1013 (6th Cir. 1988).

Petitioner argues that he was denied the right to counsel of choice and that such an error is structural, requiring no showing of prejudice. In *Gonzalez-Lopez*, the Supreme Court held that "[d]eprivation of the right [to counsel of choice] is complete when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received," 548 U.S. at 148, and "[n]o additional showing of prejudice is required to make the violation 'complete.'" *Id.* at 146. The *Gonzalez-Lopez* opinion announced a rule not previously established by the Supreme Court; that is, that the erroneous denial of right to counsel of choice is a structural error. The Supreme Court issued its opinion in *Gonzalez-Lopez* after Petitioner's conviction became final. Neither party addresses whether *Gonzalez-Lopez* applies retroactively to cases on collateral review. The Court of Appeals for the Seventh Circuit and several district courts have held that *Gonzalez-Lopez* is not retroactively applicable to cases on collateral review. *Rodriguez v. Chandler*, 492 F.3d 863 (7th Cir. 2007); *Wright v. Stovall*, No. 06-12419, 2008 WL 2224271, at *5 n.2 (E.D. Mich. May 28, 2008); *Wright v. U.S.*,

6

No. 3:98-cv-355-MU, 2008 WL 943371, at *2 n.2 (W.D. N.C. Apr. 7, 2008); *Harris v. DiGuglielmo*, No. 07-213, at *11 (W.D. Pa. Oct. 22, 2007).  The Court, however, need not decide the question of *Gonzalez-Lopez's* retroactivity because the Court finds that Petitioner was not wrongfully denied his right to counsel of choice.

Petitioner presented his claim that he was denied his right to counsel of choice on collateral review.  The Michigan Court of Appeals and Michigan Supreme Court both issued one-sentence standard orders denying leave to appeal.  The trial court issued a reasoned opinion denying this claim.  The trial court's decision somewhat conflates the separate issues of the denial of counsel of choice and waiver of the right to counsel, but, ultimately holds that the trial court did not err in denying Petitioner's motion for an adjournment to allow retained counsel to prepare because the trial already had been adjourned fourteen times at Petitioner's request, and Petitioner had ample opportunity to hire a lawyer who would be prepared to proceed on the scheduled trial date.  *People v. Steed*, slip op. at 2.

Petitioner argues that the trial court carelessly denied his motion without even being aware that Petitioner already had retained counsel.  The Court finds that the trial-court transcript does not support Petitioner's characterization of the proceedings.  Before the trial court denied the motion for substitute counsel, Petitioner's attorney informed the court that Petitioner had retained counsel the previous Friday, three days before the scheduled trial date.  Thus, the trial court was aware that counsel already had been retained when it denied Petitioner's motion.

A court has the "power to . . . make scheduling and other decisions that effectively exclude a defendant's first choice of counsel" *Gonzalez-Lopez*, 548 U.S. at 152.  The trial court's decision denying substitution of counsel was based upon the court's concerns for its calendar,

that appointed counsel had been representing Petitioner for one year, and that substitute counsel

was not prepared to proceed.  The Supreme Court has held that "only [a trial court's]

unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for

delay'" violates the Sixth Amendment."  *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (quoting

*Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).  *See also Miller v. Blacketter*, 525 F.3d 890, 896

(9th Cir. 2008) (a trial court may fairly consider the timing of a motion to substitute counsel in

weighing a defendant's right to counsel against concerns for the court's calendar).

Given the "wide latitute" afforded courts in balancing the right to counsel of choice

against the needs of fairness and the demands of the calender, the last-minute nature of the

request, and the fourteen previous adjournments at Petitioner's request, the Court concludes that

it was not an unreasonable application of Supreme Court precedent for the state court to find that

Petitioner's right to counsel of choice was not unreasonably or erroneously denied.

## IV.

Petitioner has not established that he is in the State of Michigan's custody in violation of

the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2009

CERTIFICATE OF SERVICE

8

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 29, 2009.

                                      s/Marie E. Verlinde

                                      Case Manager

                                      (810) 984-3290